**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(EASTERN DIVISION)**

|  |  |
|---|---|
| **ROBERT A. REPOSA, JR.,** | **CHAPTER 7** |
| Debtor. | **Case No. 09-13702-WCH** |
| **BEACHSIDE VILLAGE RESORT CONDOMINIUM ASSOCIATION, ON BEHALF OF ITSELF AND ITS UNIT OWNERS,** | **ADV. PROCEEDING NO.** |
| Plaintiff, |  |
| v. |  |
| **ROBERT A. REPOSA, JR.,** |  |
| Defendant. |  |

## COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR

Pursuant to 11 U.S.C. Sections 523(a)(2)(A), 523(a)(4), and 523(a)(6), Beachside Village Resort Condominium Association ("Association"), on behalf of itself and its unit owners, brings this action to deny the discharge of the above-referenced debtor ("Debtor" or "Defendant"). In further support hereof, the Association states as follows:

### I.    JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334(b).

2. This matter is a core proceeding under 28 U.S.C. Section 157(b)(2)(J).

3. Venue is appropriate in this court pursuant to 28 U.S.C. Section 1409.

## II.     PARTIES

4.      The Association is an unincorporated association organized on or about August 14, 2007.  The Association is an organization of the interval unit owners of Beachside Village Resort Condominium ("Condominium"), a time share condominium complex located at 45 Surf Drive, Falmouth, MA.  The Association brings this action pursuant to the authority conferred upon it under Massachusetts General Law chapter 183B, Section 20.

5.      Defendant Debtor is an individual who asserted an address in Nantucket, Massachusetts in his bankruptcy petition.  The Debtor, on information and belief, was, at all relevant times, the sole manager and person in control of Seaside Enterprises, LLC ("Seaside"), a Massachusetts limited liability company.

## III.    FACTS COMMON TO ALL COUNTS

6.      The Debtor, at times through Seaside, developed the Condominium.  In that regard, the Debtor, individually and through Seaside, engaged in selling timeshares in the Condominium from 2000 through approximately September, 2008.

7.      The Condominium consists of fourteen hundred and four (1,404) interval units. The Debtor and Seaside sold Units in the Condominium at prices between four thousand dollars ($4,000.00) and thirty thousand dollars ($30,000.00).

8.      The Debtor, through Seaside, solicited the sale of units in the Condominium through a written document entitled Public Offering Statement ("Public Offering Statement").

9.      As part of the sale of interval units, the Debtor , through Seaside, collected, among other things, closing costs from individuals in order to document and record each such sale.

10. At least 482 purchasers of units in the Condominium obtained financing for such purchase through Seaside or another affiliate of the Debtor.

11. During the time that the Debtor controlled the Condominium, the Debtor, either individually or through Seaside, collected rents on behalf of the Association and its individual unit holders.

12. On information and belief, the Debtor, either individually or through Seaside, has failed and refused to provide an accounting of such rents. The rental income was the property of the Association and its individual unit holders. Upon further information and belief, the Debtor, either individually or through Seaside, improperly converted such rental income for his own use.

13. During the time that the Debtor controlled the Condominium, the Debtor and Seaside collected annual maintenance fees and special assessments from the Association and its individual unit holders. The Debtor has failed and refused to provide an accounting of use of such collected maintenance fees and special assessments. Upon information and belief, the Debtor, either individually or through Seaside, converted such maintenance fees and special assessments to his own use.

14. The Debtor continued to solicit and close on the sale of units in the Condominium to individuals including through the representations and warranties contained in the Public Offering Statement with respect to delivery of deeds, collection of rent, and collection of maintenance fees and special assessments. On information and belief, the Debtor knew or should have known that these representations and warranties were not true. Individuals purchasing units in the Condominium reasonably relied on the representations and warranties of the Debtor in making purchases and providing funds to the Debtor or Seaside.

## COUNT I
(Denial Of Discharge Per 11 U.S.C. Section 523(a)(2)(A))

15. The Association repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

16. The Debtor obtained money, property or services from the Association and its individual unit holders as set forth herein.

17. The Debtor obtained such money, property or services by false pretenses, false representations and actual fraud.

18. The Debtor is indebted to the Association and its individual unit holders relating to the foregoing in such amount as to be determined at trial.

19. The Debtor may be denied a discharge for said debt pursuant to 11 U.S.C. Section 523(a)(2)(A).

## COUNT II
(Denial Of Discharge Per 11 U.S.C. Section 523(a)(4))

20. The Association repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

21. The Debtor was a fiduciary of the Association and its individual unit holders.

22. The Debtor committed one or more acts of fraud or defalcation against the Association and its individual unit holders as set forth herein.

23. The Debtor committed one or more acts of embezzlement against the Association and its individual unit holders as set forth herein.

24. The Debtor committed one or more acts of larceny against the Association and its individual unit holders as set forth herein.

25.     The Debtor is indebted to the Association and its individual unit holders relating to the foregoing in such amount as to be determined at trial.

26.     The Debtor may be denied a discharge for said debt pursuant to 11 U.S.C. Section 523(a)(4).

## **COUNT III**
(Denial Of Discharge Per 11 U.S.C. Section 523(a)(6))

27.     The Association repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

28.     The actions of the Debtor as set forth herein were willful and malicious with respect to the Association and its individual unit holders.

29.     The Association and its individual unit holders and their property were injured as a result of the actions of the Debtor as set forth herein.

30.     The Debtor is indebted to the Association and its individual unit holders relating to the foregoing in such amount as to be determined at trial.

31.     The Debtor may be denied a discharge for said debt pursuant to 11 U.S.C. Section 523(a)(6).

WHEREFORE, the Association, on behalf of itself and its unit owners respectfully requests that this Court:

(i)     Enter a judgment denying the Debtor's discharge as to his debts to the Association and its individual unit holders pursuant to 11 U.S.C. Section 523(a)(2)(A);

(ii)    Enter a judgment denying the Debtor's discharge as to his debts to the Association and its individual unit holders pursuant to 11 U.S.C. Section 523(a)(4);

(iii)   Enter a judgment denying the Debtor's discharge as to his debts to the Association and its individual unit holders pursuant to 11 U.S.C. Section 523(a)(6);

    (iv)    Grant the Association and its individual unit holders such other and further relief as is just.

Respectfully submitted,

Beachside Village Resort Condominium Association, on behalf of Itself and Its Unit Owners,

By their attorneys,

Dated: October 19, 2009

    /s Alex M. Rodolakis
Alex M. Rodolakis (BBO# 567781)
Gilman, McLaughlin & Hanrahan LLP
One Financial Place
297 North Street, Suite 327
Hyannis, MA 02601
508-778-1100
amr@gilmac.com